**ROBERTS BROTHERS COAL COMPANY, Appellant,**

v.

**Lesley ROBINSON; Hon. James L. Kerr, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2002–SC–0825–WC.

Supreme Court of Kentucky.

Aug. 21, 2003.

John C. Morton, Samuel J. Bach, Morton & Bach, Henderson, Counsel for Appellant.

Dick Adams, Adams, Ramey & Burns, Madisonville, Counsel for Appellee.

## OPINION OF THE COURT

The Court of Appeals and the Workers' Compensation Board (Board) have determined that the existence of a noncompensable impairment due to the natural aging process did not limit the claimant to permanent partial disability benefits and, furthermore, that the Administrative Law Judge (ALJ) erred when concluding that the claimant's total disability benefit must be reduced by 25% because 25% of his impairment was due to the natural aging process. Appealing, the employer maintains: 1.) that the Board substituted its judgment; 2.) that a finding that part of the claimant's disability is noncompensable precluded an award of total disability; and 3.) that the finding that the claimant had no pre-existing active disability was not supported by substantial evidence. Although our reasoning differs, we affirm.

The claimant worked as an underground coal miner for 26 years when, on November 18, 1999, he sustained a work-related back injury. After undergoing surgery that provided only limited relief from pain, he sought workers' compensation benefits. Based upon the lay and medical evidence, the ALJ determined that the claimant was totally disabled and that he had no pre-existing active disability because, despite previous difficulties with his back, he was working without restrictions when he was injured. Based upon medical testimony that attributed 25–50% of the claimant's impairment to the natural aging process, the ALJ attributed 25% of his impairment to that cause and determined that his award must be reduced by 25%.

Rejecting the claimant's petition for reconsideration, the ALJ pointed to the lack of evidence that the effects of the natural aging process were either attributable to or aroused by the claimant's work. Rejecting the employer's petition in all other respects, the ALJ determined that the claimant was unable to return to work for which he had prior experience or training and ordered a vocational evaluation. Appealing, the employer maintained that the finding of noncompensable impairment precluded a total disability award; whereas, the claimant maintained that no exclusion for the natural aging process was required. The claimant prevailed on both issues, and the employer appeals.

When enacting the 1996 amendments, the legislature employed different standards for awarding benefits under KRS 342.730(1)(a) and (1)(b). In *Ira A. Watson Dept. Store v. Hamilton,* Ky., 34 S.W.3d 48 (2000), we explained that although an impairment rating due to the

work-related injury is a prerequisite to a finding of total disability under the 1996 Act, some of the *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), factors also remain relevant to the determination. Thus, awards under KRS 342.730(1)(a) continue to be based upon a finding of disability. In contrast, an award of permanent partial disability under KRS 342.730(1)(b) is based solely on a finding that the injury resulted in a particular AMA impairment rating, with the amount of disability being determined by statute. In other words, KRS 342.730(1)(a) requires the ALJ to determine the worker's disability, while KRS 342.730(1)(b) requires the ALJ to determine the worker's impairment. Impairment and disability are not synonymous. We conclude, therefore, that an exclusion from a total disability award must be based upon pre-existing disability, while an exclusion from a partial disability award must be based upon pre-existing impairment. For that reason, if an individual is working without restrictions at the time a work-related injury is sustained, a finding of pre-existing impairment does not compel a finding of pre-existing disability with regard to an award that is made under KRS 342.730(1)(a).

KRS 342.730(1)(a) specifies that nonwork-related impairment "shall not be considered" when determining whether an individual is totally disabled. Here, the ALJ determined that the claimant was totally disabled as a result of his injury. Based upon a finding that 25% of his impairment was due to the natural aging process, the ALJ concluded that the award must be reduced by 25%. Contrary to what the employer would have us believe, the exclusion was based solely upon impairment. Nowhere did the ALJ specifically find that 25% of the claimant's ultimate disability was due to the natural aging process. Furthermore, the finding that the claimant had no pre-existing active disability precluded such an inference. It is apparent, therefore, that the ALJ found work-related impairment, by itself, to be totally disabling. For that reason, an award under KRS 342.730(1)(a) was appropriate without regard to the fact that 25% of the claimant's impairment was attributable to the natural aging process. Furthermore, since none of the claimant's disability was active at the time of his injury, no exclusion for prior, active disability was required.

The decision of the Court of Appeals is affirmed.

All concur.