JAMES T. ENGLISH TRUCKING,
Appellant

v.

Aaron K. BEELER; Honorable Douglas W. Gott, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2011–SC–000686–WC.

Supreme Court of Kentucky.

Aug. 23, 2012.

Samuel J. Bach, Henderson, KY, Counsel for Appellant, James T. English Trucking.

Donald R. Green, Jr., Paducah, KY, Counsel for Appellee, Aaron K. Beeler.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) increased the claimant's partial disability benefit at reopening and tripled the entire income benefit awarded for his injury under KRS 342.730(1)(c)1. The Workers' Compensation Board and the Court of Appeals affirmed. Appealing, the employer argues that the ALJ erred by disregarding undisputed medical evidence when finding increased impairment at reopening and by tripling the entire partial disability benefit.

We affirm because the ALJ did not err. Substantial evidence supported the finding of increased impairment as well as the finding that the claimant lacked the physical capacity at reopening to perform the type of work performed at the time of his injury. The combined effects of the impairment present at the time of the initial award and the additional impairment present at reopening entitled the claimant to triple benefits based on the whole of his disability for the balance of the compensable period.

The claimant sustained a work-related injury to his right leg on October 7, 2003, while employed as a truck driver by James T. English Trucking. The injury resulted in peroneal nerve palsy, numbness in the right leg and foot, and a condition known as "foot drop," which caused his right foot

to give way at times. An MRI performed in 2003 also revealed a suspected tear to the posterior horn of the medial meniscus. An ALJ awarded the claimant a period of temporary total disability (TTD) benefits followed by 425 weeks of permanent partial disability benefits that were based on a 17% permanent impairment rating due to peroneal nerve damage. Refusing to enhance the benefits under KRS 342.730(1)(c), the ALJ found that the claimant retained the physical capacity to return to the type of work performed at the time of injury and that he did not return to work at the same or a greater wage than when injured.

Sometime after receiving the award, the claimant began to work for Williams Construction as a truck driver. He fell in August 2007, when his foot gave way while working, and testified subsequently that he experienced constant right knee and leg pain thereafter. He sought emergency room treatment in June 2008, when his leg went out again while he was working. The claimant did not return to work after June 9, 2008. He underwent knee surgery and later sought to reopen his claim for the 2003 injury based on medical evidence that the effects of the injury caused him to fall.

Dr. St. Jacques performed a medial meniscectomy on the claimant's right knee in March 2009. He reported that the claimant reached maximum medical improvement in July 2009 and assigned a 3% impairment rating based on the surgery. He acknowledged that the 2003 MRI revealed a suspected torn meniscus but testified that the tear he repaired in 2009 was fairly recent and caused the knee to give way in 2007. Like Dr. St. Jacques, the claimant's family doctor, Dr. Perez, testified that the 2007 incident was the direct result of the 2003 injury. Dr. Hamby, who performed an independent evaluation, also attributed the 2007 incident to the 2003 injury.

The ALJ relied on testimony from Drs. St. Jacques, Perez, and Hamby as well as the claimant's testimony concerning his symptoms after the 2003 injury to determine that the effects of the injury caused him to fall in 2007. Relying on Dr. St. Jacques, the ALJ determined that surgery for the meniscal tear warranted a period of TTD and additional income benefits based on a 3% permanent impairment rating. The ALJ noted that the claimant's initial award did not include triple benefits because his condition had improved when the claim was considered. His condition worsened thereafter, however, and even Dr. Hamby characterized his injury as being devastating. Relying on evidence from Drs. Hamby and Ballard, the ALJ determined that the claimant's permanent disability remained less than total at reopening but that he lacked the physical capacity to drive a truck due to the need for an ankle-foot orthosis. Thus, the ALJ tripled his partial disability benefits for the balance of the compensable period.

## I. STANDARD OF REVIEW.

■ An injured worker bears the burden of proof and risk of non-persuasion with respect to proving a post-award increase in disability.[1] KRS 342.285 designates the ALJ as the finder of fact. It permits an appeal to the Board but provides that the ALJ's decision is "conclusive and binding as to all questions of fact" and, together with KRS 342.290, prohibits the Board or a reviewing court from substituting its judgment for the ALJ's "as to the weight of evidence on questions of fact."

■ KRS 342.285 gives the ALJ the sole discretion to determine the quality,

1. *Griffith v. Blair,* 430 S.W.2d 337 (Ky.1968).

character, and substance of evidence.[2] As fact-finder, an ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof.[3] KRS 342.285(2) and KRS 342.290 limit administrative and judicial review of an ALJ's decision to determining whether the ALJ "acted without or in excess of his powers;"[4] whether the decision "was procured by fraud;"[5] or whether the decision was erroneous as a matter of law.[6] Legal errors would include whether the ALJ misapplied Chapter 342 to the facts; made a clearly erroneous finding of fact; rendered an arbitrary or capricious decision; or committed an abuse of discretion. A finding that favors the party with the burden of proof must be affirmed if substantial evidence supports the finding, i.e., if the finding was reasonable under the evidence.[7]

## II. ANALYSIS.

■ The employer asserts that the claimant's torn meniscus and 3% impairment rating were present when the initial claim was decided and did not represent a change of condition. Moreover, even if the torn meniscus did not entitle him to an impairment rating until after the surgery, it did not result in additional restrictions or affect his ability to labor. We disagree.

■ Evidence of a post-award increase in the permanent impairment rating resulting from a work-related condition provides the objective medical evidence of a worsening of impairment that KRS 342.125(1)(d) requires for reopening.[8] Slone v. Jason Coal Co.[9] is inapplicable to these facts. Unlike the situation in Slone, the claimant's meniscal tear was raised in the initial claim but no medical evidence indicated that it required any treatment or warranted a permanent impairment rating at that time.

Dr. St. Jacques' testimony provided substantial evidence of a post-award worsening of the claimant's knee condition and of increased impairment. He noted that a meniscal tear was only suspected in 2003 and that his post-operative report from March 2009 noted a tear that was recent based on the low degree of arthritic changes. Even if the meniscal tear was present initially, both Dr. St. Jacques and the employer's expert, Dr. Ballard, testified that the 3% impairment rating was based on the surgery, not the tear. The surgery was not performed until March 2009, long after the claimant's initial award. KRS 342.730(1)(b) bases partial disability benefits on the permanent impairment rating that the compensable injury produces, without regard to whether the injury requires any restrictions.

■ The employer also argues that the ALJ erred by tripling the claimant's entire

2. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky.1985).

3. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky.1977).

4. KRS 342.285(2)(a).

5. KRS 342.285(2)(b).

6. KRS 342.285(2)(c), (d), and (e). *See also American Beauty Homes Corp. v. Louisville &* *Jefferson County Planning & Zoning Commission*, 379 S.W.2d 450, 457 (Ky.1964).

7. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky.1986); *Mosely v. Ford Motor Co.*, 968 S.W.2d 675 (Ky.App.1998); *REO Mechanical v. Barnes*, 691 S.W.2d 224 (Ky.App.1985).

8. *Colwell v. Dresser Instrument Division*, 217 S.W.3d 213 (Ky.2006).

9. 902 S.W.2d 820 (Ky.1995).

partial disability benefit rather than tripling only the portion of the benefit that was attributable to the additional 3% impairment rating. Again we disagree.

Workers' compensation is a statutory creation. When a claim is reopened, the combined effects of the impairment present at the time of the initial award and the additional impairment present at reopening entitle the injured worker to income benefits based on the whole of his disability from the date of the motion to reopen through the end of the compensable period. KRS 342.730(1)(c)1 authorizes a triple income benefit based on a finding that the work-related injury causes the worker to lack the physical capacity to perform the type of work performed at the time of the injury. Moreover, nothing in Chapter 342 restricts the statute's application to the portion of the worker's income benefit that is attributable to the increased impairment rating present at reopening.

The ALJ determined at reopening that the present impairments from the claimant's peroneal nerve condition and knee condition combined to render him unable to work as a truck driver. Thus, KRS 342.730(1) entitled him to receive from the date of his motion to reopen through the end of the compensable period a triple partial disability benefit that was based on all of the impairment resulting from his 2003 injury.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.