# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 19, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2014-SC-000219-WC

DATE 3-12-15 EndtGrowth P.C.

LARRY D. ASHLOCK, REAL PARTY
IN INTEREST AS ATTORNEY FOR
CLAIMANT, CYNTHIA SIPES                                          APPELLANT


V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2013-CA-001645-WC
WORKERS' COMPENSATION NO. 10-96674


COMMONWEALTH OF KENTUCKY,
DEPARTMENT OF JUVENILE JUSTICE;
CYNTHIA SIPES;
HONORABLE JEANIE OWEN MILLER,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                      APPELLEES


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellant, Larry D. Ashlock, appeals the dismissal of his appeal concerning an attorney fee dispute with his former client, Cynthia Sipes. Ashlock argues that the Workers' Compensation Board ("Board") erred by vacating and dismissing his appeal on the grounds that he was not a party to the action and therefore could not file a motion to reopen Sipes's claim. Ashlock argues that the Board's ruling was erroneous because: 1) he was a party to the claim since there was a conflict over attorney fees; 2) the Chief Administrative Law Judge ("CALJ") can reopen a claim on his own motion and

would have done so in this matter; and 3) judicial economy is served by allowing him to reopen the underlying claim. For the reasons set forth below, we affirm the Court of Appeals.

Sipes suffered a work-related shoulder injury while employed as a youth worker for the Kentucky Department of Juvenile Justice ("DJJ"). She hired Ashlock to represent her during the workers' compensation claim process. Sipes and Ashlock entered into a contingency fee agreement which stated that he would be paid for legal services rendered pursuant to KRS 342.320(2). The agreement also stated that if Sipes discontinued Ashlock's services before the claim ended, he would have a valid lien against any of the claim's proceeds for reasonable attorney fees and expenses. At some point before Sipes's claim was settled,[1] she discharged Ashlock and informed him that she no longer needed his legal services. Sipes then personally settled the claim with DJJ's third party administrator.

Approximately a year after he was terminated by Sipes, Ashlock filed a motion to reopen the claim. The motion argued that the claim should be reopened pursuant to KRS 342.125(1)(a) and (c) because fraud or mistake occurred in the entry of the settlement agreement. Ashlock also filed a motion for attorney fees. Prior to this filing, Ashlock never filed a lien for his attorney fees with the Department of Workers' Claims or notified DJJ's third party administrator of an intent to assert a lien.

---

[1] There is a disagreement between the parties as to the date Ashlock was discharged by Sipes. However, due to the disposition of this opinion, it is unnecessary to determine the exact date the termination occurred.

2

The CALJ entered an order finding that Ashlock set forth a *prima facie* case for reopening the claim. The matter was then assigned to Administrative Law Judge Jeanie Owen Miller ("ALJ") who conducted a hearing. She found that Sipes did not have good cause to terminate Ashlock and that he was entitled to reasonable fees for services rendered. However, Ashlock disagreed with the amount of money that the ALJ ordered Sipes to pay and believed that the third party administrator or DJJ should pay his fees and accordingly appealed to the Board.

The Board held that Ashlock was never joined as a party to the claim because he did not file a motion to intervene pursuant to CR 24. KRS 342.125(1) states that a claim can only be reopened "[u]pon motion by any *party* or upon an *administrative law judge's own motion*." (Emphasis added). Thus, since Ashlock was not a party, and the CALJ did not reopen Sipes's claim on his own motion, the Board found that the reopening was improper. The Board vacated the ALJ's opinion and dismissed Ashlock's appeal. The Court of Appeals affirmed and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the findings of the ALJ, or if the evidence compels a different result. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of further review of the Board in the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross

3

injustice. *Id.* at 687-688. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* Keeping these standards in mind, we affirm the Court of Appeals.

Ashlock first argues that the dismissal of his appeal was inappropriate because he contends he was always a party to Stipes's claim. KRS 342.320 requires an attorney, at the conclusion of a claim, to file a motion for attorney fees and prior to doing so the attorney does not have to be joined as a party. Therefore, because he can file a motion without being joined as a party, Ashlock contends an attorney must always be a party to the original claim. We reject Ashlock's argument. While an attorney must file a motion for attorney fees, that does not make him a party to the original, underlying claim. And while an attorney is an indispensible party in a fee dispute, the mere fact such a dispute arises does not automatically join the attorney as a party to the original claim. Since Ashlock was not a party, he could not file a motion to reopen under KRS 342.125 and the Board was correct in dismissing his appeal.

Ashlock's second argument is that we should act as though the CALJ reopened this matter upon his own motion because the CALJ originally ruled that this matter should be reopened. In other words, Ashlock wants us to believe that if the CALJ could, he would go back in time and reopen this matter upon his own motion. We decline to agree with Ashlock's logic, and reject this

4

argument because the fact of the matter is the CALJ did not reopen this matter upon his own motion.

Ashlock's last argument is that we should reverse the Court of Appeals for purposes of judicial economy. He argues that even if he loses this appeal, since the Board dismissed the matter on standing, he is not barred by *res judicata* from filing a new motion to reopen along with a motion to be joined as a party. However, we decline Ashlock's invitation because workers' compensation is a statutory creation and we cannot ignore the plain fact that KRS 342.125 requires either a party to file a motion or the CALJ, on his own motion, to reopen a claim. *James T. English Trucking v. Beeler*, 375 S.W.3d 67, 71 (Ky. 2012).

For the above stated reasons, we affirm the decision of the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur.

5

COUNSEL FOR APPELLANT,
LARRY D. ASHLOCK, REAL PARTY
IN INTEREST AS ATTORNEY FOR
CLAIMANT, CYNTHIA SIPES:

Larry Duane Ashlock


COUNSEL FOR APPELLEE,
COMMONWEALTH OF KENTUCKY,
DEPARTMENT OF JUVENILE JUSTICE:

Kenneth Lance Lucas
Sarah C. Rogers


COUNSEL FOR APPELLEE,
CYNTHIA SIPES:

Cynthia Sipes, *pro se*