# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 24, 2015
NOT TO BE PUBLISHED

$Supreme Court of Kentucky$ **FINAL**

2015-SC-000013-WC

**DATE** 10-15-15 _ _ _ _ _ _ _ _

HODGES TRUCKING COMPANY                                                        APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                         CASE NO. 2013-CA-001318-WC
WORKERS' COMPENSATION NO. 07-86619


ROBERT W. WALDECK;
HONORABLE EDWARD D. HAYS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                                    APPELLEES


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Appellant, Hodges Trucking Company, appeals a Court of Appeals

decision which affirmed in part, reversed in part, vacated in part, and

remanded an opinion of the Workers' Compensation Board ("Board") regarding

Appellee, Robert W. Waldeck's claim. Hodges argues in its appeal that: 1) the

wrong legal analysis was used to determine whether Waldeck was entitled to

permanent total disability ("PTD") benefits upon the reopening of his claim and

2) the Court of Appeals erred when it reversed the Board's finding that the

claim should be remanded to the Administrative Law Judge ("ALJ") for

consideration of whether Waldeck's PTD award should be reduced due to a

prior active disability. For the reasons set forth below, we affirm the Court of Appeals.

Waldeck alleged that on May 29, 2007, he injured his back, both legs, and hip when he fell while working for Hodges. He subsequently filed a Form 101 Application for Resolution of Injury Claim with the Department of Workers' Claims. Waldeck did not make a claim for a psychological injury in his original Form 101. The matter was assigned to ALJ Grant Roark. While Waldeck and Hodges stipulated to many aspects of the claim, the parties could not agree whether Waldeck was entitled to permanent disability benefits under KRS 342.730 or whether Waldeck's impairment was caused by a pre-existing active condition. ALJ Roark held an evidentiary hearing at which Waldeck and his wife were the only witnesses.

After a review of the record, ALJ Roark rendered an opinion and order where he made the following findings of fact and conclusions of law: 1) that Waldeck "had a pre-existing active lower back condition due to a 2004 injury for which he underwent surgery . . . [leaving him] with a residual 10% impairment rating under the 5th Edition of the AMA *Guides*"; 2) that based on Dr. John Guarnaschelli's opinion, "Waldeck's current low back pain and need for any additional treatment is attributable to his May 29, 2007, work incident [at Hodges]"; 3) that Waldeck did not carry "his burden of proving he has any permanent impairment rating associated with his claimed injury"; and 4) that Waldeck reached maximum medical improvement ("MMI") as of September 25, 2008. Accordingly, ALJ Roark awarded Waldeck temporary total disability

benefits from June 6, 2007, through September 24, 2008, and all reasonable and necessary medical expenses for the cure or relief of the effects of his injury in accordance with KRS 342.020. Neither party filed an appeal from ALJ Roark's opinion and award.

On or about May 2, 2012, Waldeck filed a motion to reopen pursuant to KRS 342.125. Waldeck alleged that subsequent to the rendering of ALJ Roark's opinion and award, he came under the care of Dr. Christopher B. Shields, a neurosurgeon. Dr. Shields diagnosed Waldeck with lower back pain with components of L5 and S1 radiculopathy bilaterally for which he recommended a laminectomy, foraminotomy, and facetectomy with fusion at the L4-L5 interspace, and the L5-S1 interspace as treatment. Waldeck underwent the proposed surgery which was paid for by Hodges.

Waldeck filed an affidavit to support reopening his claim, in which he averred that he "continued to experience low back pain" and "began to experience depression due to [his] chronic pain." Waldeck also attached a report by Dr. Warren Bilkey, who believed that Waldeck's impairment had increased post-surgery. Dr. Bilkey believed that Waldeck had a 29% impairment, of which 10% was due to the prior 2004 injury. Thus, Dr. Bilkey assigned Waldeck a 19% impairment attributable to the present work-related injury.

Further, Waldeck filed an evaluation by Dr. Steven J. Simon, a licensed clinical psychologist. Dr. Simon believed that Waldeck developed a mood disorder with major depression secondary to his back injury and chronic pain.

3

Dr. Simon assigned Waldeck a 20% psychiatric impairment related to the initial work-related injury.

After the surgery, Waldeck admitted that he felt better. He indicated that his legs no longer bothered him like before the surgery. However, he still complained of pain in his lower back and hips.

The Chief ALJ assigned ALJ Edward Hays to the matter. He sustained the motion to reopen. After a review of the evidence ALJ Hays awarded Waldeck PTD benefits. He found:

> [I]t is clear that [Waldeck's]condition has substantially worsened and in support of this finding, the ALJ finds that [Waldeck]now has a 29% permanent impairment to the body as a whole based on the AMA *Guides*, Fifth Edition, 10% of which was pre-existing active, and 19% of which is the result of the injury. In addition thereto, the ALJ finds [Waldeck] has a 5% impairment for work-related depression. Thus, [Waldeck's] permanent impairment has substantially worsened since the Opinion of Judge Roark.

ALJ Hays then determined that Waldeck was totally occupationally disabled due to his limited work experience, physical restrictions, intelligence, and residual chronic pain along with the fact he was forty-four years old. Hodges filed a petition to reconsider arguing that ALJ Hays erred in assigning a psychological impairment rating and in finding he was entitled to PTD benefits, because Waldeck's condition had not worsened. ALJ Hays denied the petition for reconsideration, and Hodges appealed to the Board.

The Board affirmed ALJ Hays's findings regarding the worsening of Waldeck's condition, his entitlement to PTD benefits, and the assigning of a psychological impairment. However, the Board vacated the PTD award and remanded for findings regarding Waldeck's low back injury which occurred in

4

2004. If that injury resulted in any occupational disability, then that percentage was to be deducted from Waldeck's PTD benefit award. Hodges appealed to the Court of Appeals.

The Court of Appeals affirmed in part, reversed in part, vacated in part, and remanded the Board's opinion. The Court of Appeals vacated the Board's decision to the extent that it affirmed ALJ Hays's finding on the psychological claim. On remand, the ALJ was to determine if Waldeck's psychological injury claim had accrued and was known by him prior to rendition of ALJ Roark's opinion and award. The Court of Appeals also *sua sponte* vacated the portion of the Board's opinion which remanded the matter for further fact finding on whether the prior pre-existing active impairment resulted in occupational disability and should have been deducted from Waldeck's PTD award. Finally, the Court of Appeals affirmed the portion of the Board's opinion which affirmed the reopening of the claim and Waldeck's entitlement to PTD benefits. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction,

5

or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* As fact finder, the ALJ had sole authority to determine the weight, credibility, substance, and inferences to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt,* 695 S.W.2d 418, 419 (Ky. 1985). Keeping these standards in mind, we affirm the Court of Appeals.

## I. THE PROPER LEGAL ANALYSIS WAS USED TO FIND WALDECK WAS ENTITLED TO PTD BENEFITS ON THE REOPENING OF HIS CLAIM

Hodges first argues that an incorrect legal analysis was used to find that Waldeck was entitled to PTD benefits on the reopening of his claim. Hodges admits that substantial evidence supports the finding that Waldeck's permanent functional impairment rating has increased since ALJ Roark's opinion, order, and award but believes the impairment rating alone does not entitle Waldeck to PTD benefits. Hodges argues that an analysis of Waldeck's current condition and disability compared to his condition and disability at the time of the rendition of ALJ Roark's opinion and award would show that Waldeck's disability did not increase.

KRS 342.125(1)(d) provides that a workers' compensation award may be reopened when there has been a "change of disability as shown by objective medical evidence of worsening or improvement of impairment due to a condition caused by the injury since the date of the award or order." "Evidence of a post-award increase in the permanent impairment rating resulting from a work-related condition provides the objective medical evidence of a worsening

6

of impairment that KRS 342.125(1)(d) requires for reopening." *James T. English Trucking v. Beeler*, 375 S.W.3d 67, 70 (Ky. 2012) (citing *Colwell v. Dresser Instrument Division*, 217 S.W.3d 213, 219 (Ky. 2007)).

*Colwell*, 217 S.W.3d at 219, provides that when making a claim for PTD benefits on reopening, "the claimant's burden on the merits . . . [is] to prove by objective medical evidence that she sustained a post-settlement worsening of impairment from the injury; to prove that the change was permanent; and to prove that it caused her to be totally and permanently disabled under the standard described in *Ira A. Watson Department Store v. Hamilton*, [34 S.W.3d 48 (Ky. 2000)]." *Hamilton* states that a permanent impairment rating is a prerequisite to a finding of PTD under KRS 342.0011(11)(c), but that other factors should be considered. 34 S.W.3d at 51. These factors include an analysis of the worker's post-injury physical, emotional, intellectual, and vocational status and how they interact. The likelihood of whether the particular worker will be able to find work consistently under normal employment conditions should also be considered. *Id.* A worker's ability to find work consistently under normal employment conditions is affected by factors such as whether the individual will be able to work dependably and whether any physical restrictions will interfere with vocation capabilities. *Id.*

In this matter, while ALJ Roark found that Waldeck suffered from a work-related injury, he did not find that Waldeck merited a permanent impairment rating. However, based on expert opinion, at the time of reopening, substantial evidence supported ALJ Hays's conclusion that Waldeck suffered

7

an increased impairment rating and that the change was permanent. Hodges admits the record supports this conclusion. The question then becomes whether Waldeck is permanently and totally disabled per *Hamilton.*

ALJ Hays found that Waldeck had limited ability to find employment in fields he had prior training and experience; noted that Dr. Loeb opined that Waldeck cannot perform repetitive bending, stooping, or lifting greater than twenty to twenty-five pounds and that Waldeck can no longer function as a truck driver; and adopted Dr. Bilkey's finding that Waldeck can perform "light duty" work only. These findings provide substantial evidence to support ALJ Hays's conclusion that Waldeck was entitled to PTD benefits. He did not misapply *Hamilton* in so finding. While Waldeck may have obtained relief due to the surgery, that does not preclude the ALJ from finding he is permanently and totally disabled.

Hodges also argues that ALJ Hays's finding, that Waldeck is entitled to PTD benefits, should be reconsidered in light of the fact that the Court of Appeals reversed and remanded on Waldeck's psychological claim. However, ALJ Hays based the analysis of Waldeck's entitlement to PTD benefits on his back injury and not the psychological impairment. Thus, we decline to reverse the Court of Appeals.

## II. THE COURT OF APPEALS DID NOT ERR BY REVERSING THE BOARD'S DECISION TO REMAND FOR CONSIDERATION OF WALDECK'S PRIOR DISABILITY

Hodges's last argument is that the Court of Appeals erred by reversing the portion of the Board's opinion which remanded the matter to the ALJ for

findings on whether Waldeck's award should be reduced due to a pre-existing active disability. The Board held that, based on *Roberts Brothers Coal Co. v. Robinson*, 113 S.W.3d 181 (Ky. 2003):

> [t]he ALJ in this instance noted it is undisputed Waldeck had a 10% pre-existing active impairment rating as determined by ALJ Roark on March 2, 2009. However, he failed to determine whether the pre-existing active impairment resulted in any occupational disability. Since no claim was ever filed for the 2004 injury, and resulting surgery, there is no overlap in the award period.
>
> Since Waldeck's prior lumbar low back injury in 2004, which resulted in surgery, was work-related, the ALJ must determine whether the injury and impairment resulted in any occupational disability. If so, that percentage must be deducted from the award of PTD benefits.

The Court of Appeals reversed the Board because ALJ Hays made a finding that all of Waldeck's current occupational disability is attributable to his 2007 injury. The court supported its ruling with Dr. Bilkey's opinion imposing restrictions on Waldeck due to the 2007 work injury and ALJ Roark's prior finding that after the 2004 injury Waldeck "returned to his roofing job without restrictions." Thus, the Court of Appeals concluded that ALJ Hays's award was not erroneous as a matter of law. Hodges argues that the Court of Appeals erred because ALJ Roark and ALJ Hays did not make the factual findings alleged in the opinion. We disagree.

For there to be an exclusion from a total disability award, it must be shown that the pre-existing condition was symptomatic and restrictive and affected the employee before the second work injury. *Id.* at 183. ALJ Hays specifically noted that the findings contained in ALJ Roark's opinion, order, and award were considered and are *res judicata*. ALJ Roark's opinion stated

9

that he found Waldeck's then current back pain and disability were entirely attributable to the work-related injury in this matter, and not the previous 2004 injury. ALJ Roark also found that Waldeck worked without restriction after that injury. ALJ Hays then made the same finding based on Dr. Bilkey's opinion and the restrictions placed upon Waldeck by him which, according to the doctor, were attributable to the 2007 work-injury. Thus, the Court of Appeals decision which held that the Board erred in remanding the claim to the ALJ must be affirmed because findings were made by both ALJs that Waldeck's current disability was entirely attributable to the 2007 injury.

### III. THE COURT OF APPEALS DID NOT ERR BY REMANDING THIS MATTER FOR ADDITIONAL FINDINGS OF FACT ON WALDECK'S PSYCHOLOGICAL CLAIM

Waldeck argues in his reply brief that the Court of Appeals erred by vacating the Board's decision to the extent it affirmed the ALJ's decision on his psychological claim. The matter was remanded to the ALJ for further fact finding on whether Waldeck knew or reasonably should have known that his depression was causally related to his work injury and that he should have pursued a claim for a psychological injury at that time. Waldeck argues that there is no evidence that Waldeck's initial treatment was work-related until diagnosed by Dr. Simon in August 2011.

However, Waldeck was not the prevailing party on this issue and did not file a cross-appeal to challenge the Court of Appeals decision regarding the psychological impairment. Therefore the issue is not properly preserved for

10

review and we decline to address it. *Fischer v. Fischer*, 348 S.W.3d 582, 596 (Ky. 2011).

For the above stated reasons, we affirm the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
HODGES TRUCKING COMPANY:

Douglas Anthony U'Sellis

COUNSEL FOR APPELLEE,
ROBERT W. WALDECK:

James L. Kerr