Ralph EDWARDS, Appellant,

v.

BLUEGRASS CONTAINERS DIVISION OF DURA CONTAINERS, INC. and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 1, 1980.

James G. Hodge, Taylorsville, for appellant.

William Mellor, Louisville, for appellees, Bluegrass Containers Division of Dura Containers, Inc.

Before COOPER, GUDGEL and LESTER, JJ.

LESTER, Judge.

From an adverse order of the circuit court affirming the opinion and award of

the Workmen's Compensation Board, the appellant prosecutes this appeal alleging the findings of the Board were erroneous and an abuse of discretion; alleging a mistaken determination of the claimant's age; and alleging a failure to allow rehabilitation benefits.

Ralph Edwards, at the age of thirty-three, sustained an injury to his dominant upper extremity involving the loss of his middle, ring and little fingers, fracture of the hand and damage to the right arm. The only testimony offered was adduced by the appellant and consisted of the treating physician, Dr. Lister, a vocational expert from the Social Security Administration, David Dobson, and himself. Edwards can no longer work as a painter-slotter machine helper and according to his vocational expert, he has been eliminated from 90% of jobs in the open market in his geographical area.

■ Based upon the medical and lay evidence, all of which was introduced by appellant, the Board translated the medical assignment of 60% permanent partial disability to the right arm into a 35% occupational disability. Edwards claims error in respect to the finding of disability because in its opinion the Board said "[f]ortunately, plaintiff is also a farmer and now farms raising tobacco, hay, corn and beef cattle" and from this statement he urges that the Board took into consideration his ability to engage in agriculture which caused it to lower his percentage of occupational disability. We disagree.

Even though we read nothing into the Board's opinion that supports the appellant's contention regarding in what respect the Board contemplated his farm work, we know of no prohibition against its evaluation of Edwards' ability to perform such labor in reaching a conclusion as to his occupational disability. True enough, *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461 (1976) deletes income of farm employment from considera-

tion of the total wages of concurrent employments, but that case is not supportive of appellant's contention as to disability and its determination.

It is axiomatic that the burden of proving a claim is upon the injured employee and when the Board, as did we, reviewed the medical evidence it did not find that Edwards had a total loss of the use of the arm and fingers for he had normal pinch strength with the thumb and finger, a twenty pound grip when he wraps the hand around an object and the ability to pick up small objects. Moreover he can perform the eight basic functions of the right hand with varying degrees of impairment. The Board performed its duty under the principles enunciated in *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968) and when its findings are supported by substantial evidence neither this Court nor the circuit court can substitute their evaluation of the weight and credibility of the evidence for that of the administrative agency. *Golden v. Anaconda Wire & Cable Company*, Ky.App., 556 S.W.2d 174 (1977). Under the test set forth in *Blankenship v. Lloyd Blankenship Coal Co.*, Ky., 463 S.W.2d 62 (1971) we believe the evidence in the case at bar to be substantial so as to support the conclusions of the Board.

Appellant complains that the Board found him to be 35 years old when in reality he was 33 when he was injured. When the opinion was written Edwards was 35 and the author stated "[p]laintiff is 35 years old"; this was a factual statement. What is left unsaid in the brief, is that at numerical paragraph five at page two of the opinion when the Board enumerated the factors upon which it based the extent of disability it stated "plaintiff and his *age at the time of the injury*" (emphasis added). Since appellee says there is no dispute as to Edwards being age 33 when the injury occurred we will not concern ourselves further with this issue.

■ The final contention deals with the failure of the Board and the circuit court to

deal with the request for rehabilitation benefits as provided for in KRS 342.710. By the way of reply brief appellant requested the compensation board for the benefits mentioned above. The opinion was silent on the point, so in his motion for reconsideration relief in this respect was again requested. Once again the issue remained unaddressed, so Edwards asked the circuit court for the benefits with the same result. We are now solicited for an order granting rehabilitation benefits. For some unexplained reason the employer did not deal with the issue in any of its memoranda.

The announced legislative policy of the Commonwealth regarding rehabilitation benefits is found in subsection one of KRS 342.710 to the effect:

> One of the primary purposes of this chapter shall be restoration of the injured employe to gainful employment. To this end there is hereby created a rehabilitation panel which shall be composed of the director and specialists in medical and vocational rehabilitation to be appointed by the board.

In order to give effect to its views the General Assembly further provided that:

> An employe who has suffered an injury covered by this chapter shall be entitled to prompt medical rehabilitation services. When as a result of the injury he is unable to perform work for which he has previous training or experience, *he shall be entitled to such vocational rehabilitation services*, including retraining and job placement as may be reasonably necessary to restore him to suitable employment. If such services are not voluntarily offered and accepted, the board on its own motion, or upon application of the employe, employer or carrier, after affording the parties an opportunity to be heard by the panel, may refer the employe to a qualified physician or facility for evaluation of the practicability of, need for, and kind of service, treatment or training necessary and appropriate to render him fit for a remunerative occupa-

tion. Upon receipt of such report, and after affording the parties an opportunity to be heard by the panel, the board, in consultation with the panel, may order that the services and treatment recommended in the report, or such other rehabilitation treatment or service he may deem necessary be provided at the expense of the employer. Vocational rehabilitation training, treatment or service shall not extend for a period of more than 26 weeks except in unusual cases when by special order of the board after hearing, the period may be extended for additional periods." (Emphasis added.)

Research fails to reveal any decision within this jurisdiction determining if the invocation of the rehabilitation provisions of the Workmen's Compensation Act are mandatory when so requested by the injured employee; but in our view they are, because if the employee "is unable to perform work for which he has previous training or experience" as a result of a work related accident, he is entitled to vocational rehabilitation services. The procedure set out in KRS 342.710 must be followed in order to make the factual finding of whether the employee "is unable to perform work for which he has previous training or experience." The Board erred by not following the procedure required by KRS 342.710 when Edwards made known to the Board his desire for vocational rehabilitation.

The judgment of the circuit court is affirmed in part and reversed in part, with directions that the appeal be remanded by the circuit court to the Workmen's Compensation Board for further proceedings consistent with this opinion.

All concur.