**REO MECHANICAL and Travelers Insurance Company, Appellants,**

v.

**Edward L. BARNES and Kentucky Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

March 1, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 25, 1985.

John Stanley Hoffman, Henderson, for appellants.

John Frith Stewart, Louisville, for appellees.

Before GUDGEL, HOWARD and WILHOIT, JJ.

HOWARD, Judge.

This is an appeal from a Daviess Circuit Court order directing the Workers' Compensation Board to enter an order granting to appellee, Edward L. Barnes, a resumption and continuation of maximum weekly disability benefits and ordering vocational rehabilitation to be provided at appellants' expense.

Barnes was employed as a boilermaker, a profession involving the metal fabrication for refineries, power plants, etc. On March 3, 1982, while working for the appellant, REO Mechanical, appellee fell from a steel I-beam approximately 25 feet onto a concrete floor. The appellee sustained injuries to his left shoulder, back and finger. The appellee continued to have considerable pain in that shoulder and limited motion of his left arm. Dr. Kirsch, an orthopedic surgeon, examined appellee and determined that he suffered from "anterior impingement syndrome," which is a painful inflammation of a tendon in the rotator cuff of the shoulder due to rubbing by the shoulder blade. Dr. Kirsch later performed surgery to alleviate the condition. The appellee was also treated by Dr. Haas, a psychiatrist, for depression and fear of falling.

On March 19, 1984, the case was submitted to the Workers' Compensation Board. After making several findings of fact and rulings of law, the Board found that the appellee did not suffer any permanent disability allowing his claim for twenty-four and five sevenths (24⅚) weeks temporary total disability. The Board also denied vocational rehabilitation. This ruling was appealed to the Daviess Circuit Court. That court entered an order directing the Board to enter an order granting to appellee a resumption and continuation of maximum weekly disability benefits and ordering vocational rehabilitation.

The appellants contend that the circuit court exceeded its proper scope of review by remanding the case to the Board with directions on the findings. The Court in *Wolf Creek Collieries v. Crum*, Ky.App., 673 S.W.2d 735 (1984), reviewed several authorities and restated the limitations on the judicial review of a decision by the Board.

> The circuit courts cannot direct the findings that board shall make. *See Yocom v. Conley*, Ky.App., 554 S.W.2d 416 (1977), and *Young v. Tackett*, Ky., 481 S.W.2d 661 (1972). Nor can it substitute its judgment for that of the board by rendering its own findings. *See McCracken County Health Spa v. Henson*, Ky.App., 568 S.W.2d 240 (1977). *Id.* at 736.

Therefore, the Daviess Circuit Court did not have the authority to direct the Board to order weekly payments or vocational rehabilitation.

The proper standard of review has been stated in a number of decisions. *See Snawder v. Stice*, Ky.App., 576 S.W.2d 276 (1979); *Kentland Elkhorn Coal Co. v. Johnson*, Ky.App., 549 S.W.2d 308 (1977); *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461 (1976).

The most recent discussion of that standard is in *Wolf Creek Collieries, supra*. In that case, the Court stated:

The claimant bears the burden of proof and the risk of persuasion before the board. If he succeeds in his burden and an adverse party appeals the question to the circuit court, the question before the court is whether the decision of the board is supported by substantial evidence. On the other hand, if the claimant is unsuccessful before the board, and he himself appeals to the circuit court, the question before the court is whether the evidence was so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor. *Id.* at 736.

Thus, the circuit court in this case could only reverse the Board's decision if the evidence presented compelled a finding for the appellee. For the evidence to be compelling, the evidence produced in favor of the claimant-appellee must be so overwhelming that no reasonable person could reach the conclusion of the Board.

■ A review of the evidence shows that a finding of total permanent disability was not compelled as testimony was presented that would support the Board's decision. Dr. Kirsch testified by deposition that following the surgery, the appellee's shoulder was essentially normal except that the appellee still suffered some discomfort in that area. In fact, Dr. Kirsch testified that appellee could eventually return to his job as a boilermaker which requires heavy lifting and extensive climbing. In a later deposition, Dr. Kirsch stated that appellee should not return to work as a boilermaker. However, he did not know how much of a problem the shoulder would be to the appellee. The main reason given by Dr. Kirsch for his opinion that appellee should find other work was the appellee's fear of falling. Dr. Haas, a psychiatrist, testified that the appellee's depression had improved significantly but because of the continuing fear of heights, the appellee should no longer work at a job requiring such work.

Although this testimony is not the entire evidence in the case, it sufficiently shows that the Board had grounds for its decision

and a finding for the appellee was not compelled by the evidence.

■ The circuit court also directed the Board to order vocational rehabilitation for the appellee. As established previously, the circuit court has no authority to direct the Board to make specific findings. However, the question remains whether the Board improperly denied vocational rehabilitation for the appellee. Vocational rehabilitation under the Workmen's Compensation Act is discussed in KRS 342.710. Section one of the statute requires that a panel be set up "composed of the director and specialists in medical and vocational rehabilitation" to be appointed by the Board. The statute also outlines the procedure to be followed in cases involving vocational rehabilitation.

KRS 342.710(3) provides that:

When as a result of the injury he is unable to perform work for which he has previous training or experience, he shall be entitled to such vocational rehabilitation services, including retraining and job placement as may be reasonably necessary to restore him to suitable employment.... The board on its own motion, or upon application of any party or carrier, after affording the parties an opportunity to be heard, may refer the employe to a qualified physician or facility for evaluation of the practicability of, need for, and kind of service, treatment or training necessary and appropriate to render him fit for a remunerative occupation. Upon receipt of such report, and after affording the parties an opportunity to be heard by the panel, the board, in consultation with the panel, or such other rehabilitation treatment or service the board may deem necessary, be provided at the expense of the defendants as apportioned in the award.

■ The appellants contend that the statute referred to above does not apply in this case because the Board found that the appellee did not suffer an injury of appreciable proportions and was therefore not entitled to those disability benefits afforded injured workers under the Act. Compensa-

ble disability under the Act is defined in *Osborne v. Johnson*, Ky., 432 S.W.2d 800, 802 (1968), as an "... inability, as the result of a work-related injury, to perform or obtain work suitable to the claimant's qualifications and training." It is also the rule in Kentucky that "... disability is not tested by any particular occupation and that even in the case of a skilled craftsman, he will not be deemed totally disabled if unskilled or light work that he can perform is continuously available to him." Id. at 804.

We agree with the appellant that the Board was correct in denying rehabilitation services in this case. The appellee cites *Edwards v. Bluegrass Containers Div., Etc.*, Ky.App., 594 S.W.2d 900 (1980), in this connection but we do not think that it is in point since the Board awarded a 35% permanent occupational disability in that case.

The judgment of the trial court is reversed with directions to affirm the opinion, award and order of the Workers' Compensation Board.

All concur.