1999 OK CIV APP 85

**CITY OF BROKEN ARROW, Petitioner,**

**v.**

**Jason McARTER and The Workers' Compensation Court, Respondents.**

**No. 92,475.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 28, 1999.

---

Neil F. Layman, Tulsa, Oklahoma, For Petitioner,

Andrew Nestor, III, Tulsa, Oklahoma, For Respondent.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1 The City of Broken Arrow's employee, Jason McArter,[1] filed a Form 3 alleging cumulative trauma injuries to his left wrist, left arm and left shoulder in October, 1997. Respondent's first Form 9, filed February 13, 1998, requested permanent partial disability, vocational rehabilitation and future medical payments. On August 19, 1998, the cause was tried to a trial judge. The judge issued an order finding cumulative trauma to the Respondent's left shoulder, left hand, and left arm and consequently awarded permanent partial disability in the amount of $12,720.62, less tax and attorney's fees, and ordered the Petitioner to pay one-half of the cost of Respondent's retraining at Platt College in the amount of $3,962.00. This award was appealed to the court en banc, and by a two-to-one vote, the order of the trial court was affirmed. It is the award of one-half of the Platt College retraining that is brought here for review. The remainder of the award is not challenged.

¶ 2 At trial, Respondent testified that the injury was the result of his employment with the City of Broken Arrow's[2] Sanitation Department. Specifically, the injury was the result of his duties on a residential refuse truck route, lifting refuse cans onto the truck. The Respondent testified that he sought retraining on his own initiative at Platt College. The Respondent submitted a Platt College enrollment agreement he executed in the amount of seven thousand nine hundred twenty five dollars for job retraining. This agreement was dated August 28, 1997, before the Form 3 was filed. On the face of the contract it is stated that the agreement amount is based upon a seventy-two-week course of study.

¶ 3 Title 85 O.S. Supp.1994 § 16 A[3], the statute in effect at the time of the last hazardous exposure, states in part:

... If rehabilitation services are not voluntarily offered by the employer and accepted by the employee, the judge of the Court may on his own motion, or if requested by a party may, after affording all parties an opportunity to be heard, refer the employee to a qualified physician or facility for evaluation of the practicability of, need for and kind of rehabilitation services or training necessary and appropriate in order to restore the employee to gainful employment. Upon receipt of such report, and after affording all parties an opportunity to be heard, the Court shall order that any rehabilitation services or training, recommended in the report, or such other rehabilitation services or training as the Court may deem necessary, provided the employee elects to receive such services, shall be provided at the expense of the employer. Except as otherwise provided in this subsection, refusal to accept rehabilitation services by the employee shall in no way diminish any benefits allowable to an employee.

¶ 4 The Petitioner asserts here that the statute sets forth certain procedures which are mandatory in an employee's quest for rehabilitation services, and these procedures were not followed in this case. The failure to abide by these procedures is professed to constitute error of law from which relief should be afforded Petitioner by reversal of the rehabilitation award. The Employee–Respondent counters this point by noting the statute in question provides that the judge need not order rehabilitation after a hearing, because the statute uses the permissive word may, and not the mandatory word shall, as follows:

... the judge of the Court *may* on his own motion, or if requested by a party *may*, *after affording all parties an opportunity to be heard, refer the employee* to a qualified physician or facility for evaluation of the practicability of, need for and kind of

---

1. Hereinafter Employee or Respondent.

2. Hereinafter the Petitioner or Employer.

3. Since superceded, see 85 O.S.1997 § 16 A.

rehabilitation services or training necessary and appropriate ... (e.a.).

¶ 5 The statute mandates a procedure for obtaining a rehabilitation award. The Respondent's contention that the procedure listed in the statute is permissive is not well taken. The use of the word "may", is not used to signify that this procedure is optional. The permissive word is used to show that in the ordinary course of events, the employer first has the ability to avoid litigating that which is obvious and offer rehabilitation services to those employees who are without question in need of those services. However, if the need is not obvious and offered voluntarily, the remainder of the statute sets fourth the procedure for adjudicating the necessity of those services. When these services are not offered by the employer, the procedure for adjudicating the need and practicability of those services is the only statutory method for obtaining them.

¶ 6 The Kansas Court of Appeals has addressed a similar question dealing with an award of rehabilitation services. That is, what effect does the unilateral action of the employee in obtaining these services have on the availability of an award? There the claimant undertook retraining without the prior recommendation or approval of the Kansas Vocational Assessment Center. In *Murdock v. MBPXL Corporation,* 12 Kan. App.2d 312, 742 P.2d 441 (1987), the court made this observation:

> Even recognizing the primary purpose of the Act to restore the injured employee to substantial and gainful employment, the worker may not unilaterally decide what training he or she may want to pursue and proceed to do so at respondent's expense. Claimant entered her medical assistant training without approval of the vocational rehabilitation counselors.... To approve such an independent approach to rehabilitation training by a claimant would result in untold administrative and economic chaos and a total breakdown of the legislatively intended benefits to the injured worker of rehabilitation training.

¶ 7 Citing the *Murdock* case, in *Chiolis v. Lage Development Co.,* 512 N.W.2d 158, 89 Ed. Law Rep 267 (S.D.1994), the Supreme Court of South Dakota, after quoting the above passage, observed:

> Even recognizing that the primary purpose of rehabilitation benefits is to restore the injured employee to substantial and gainful employment, the worker may not unilaterally decide what training he or she may want to pursue and proceed to do so at the employer's expense.... To approve a procedure which allows an injured employee to select a rehabilitation program before petitioning [the] Department or reaching an agreement with the employer would be putting the cart before the horse.

¶ 8 Similarly, the Kentucky Court of Appeals has twice held that the procedure set fourth in KRS 342.710, which contains functionally the same language above quoted from 85 O.S.1994 § 16 A, is mandatory and must be followed in order to make the factual finding of whether or not the employee is "unable to perform work for which he has previous training or experience." *Edwards v. Bluegrass Containers Division of Dura Containers, Inc.,* 594 S.W.2d 900 (Ky.App. 1990). See also, *Wilson v. SKW Alloys, Inc.,* 893 S.W.2d 800 (Ky.App.1995).

¶ 9 While our inquiry under Oklahoma case law has shown no previous authority on the subject, it is apparent that 85 O.S. Supp.1994 § 16 A, is the only statutory authority in the compensation statutes which empower an employee to hold his employer responsible for retraining for re-entry into comparable employment. Without compliance with 85 O.S. Supp.1994 § 16 A,[4] such an award is without statutory support in our workers' compensation regime. Admittedly, that statutory scheme was not followed in this cause. Absent such compliance with the statute, the award is unsupported in the law and must therefore be vacated. Consequently, that portion of the award ordering the Petitioner to pay one half of the Platt College education contract, or $3962.00, must be and is, vacat-

---

4. Now 85 O.S. Supp 1997 § 16 A, in pertinent part, substantially the same as the 1994 statute

controlling in this cause.

ed, while the remainder of the award, unchallenged here, must be sustained.

¶10 SUSTAINED IN PART, VACATED IN PART.

HANSEN, P.J., and ADAMS, J., concur.