# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 27, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2016-SC-000465-WC

DATE 5/18/17 Kim Redmon, DC

ROGER BRENT BOLING          APPELLANT

               ON APPEAL FROM COURT OF APPEALS
V.               CASE NO. 2016-CA-000086-WC
         WORKERS' COMPENSATION BOARD NO. 14-WC-99215

OWENSBORO MUNICIPAL UTILITIES,          APPELLEES
HONORABLE JONATHAN R. WEATHERBY, ADMINISTRATIVE
LAW JUDGE AND
THE WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Roger Boling appeals a ruling of the Court of Appeals which affirmed a

ruling made by the Workers' Compensation Board. Boling raises two

arguments before this Court: (1) the evidence compels a finding contrary to the

previous rulings which held that Boling's 2013 work-related injury was an

exacerbation of a previous work-related injury; and (2) that the findings of fact

and conclusions of law set forth by the Administrative Law Judge, ("ALJ") are

inconsistent. Boling has not previously asserted his second issue. Accordingly,

because Boling raises his second issue for the first time on appeal to this

1

Court, we refuse to entertain his argument.[1] After reviewing the record we affirm the ruling of the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Boling has been employed by Owensboro Municipal Utilities since 1996. In the course of his employment Boling repairs auxiliary equipment associated with power generation. This work is physically demanding and entails lifting heavy objects as well as having to bend, twist, and squat.

Boling sustained a work-related injury in 2007 while carrying a piece of equipment down a set of stairs. As a result of this injury, Boling underwent surgery on his L4-L5 spine, and was later released to work in 2009. Boling settled his claim on September 23, 2008, based on a 13% AMA impairment rating.

On December 26, 2013, while carrying a piece of equipment weighing close to 100 pounds, Boling was injured again. His condition improved after being put on light duty and completing limited physical therapy. Boling was released to regular duty in late January of 2014.

In April, 2014, his symptoms reappeared. This was the result of working for long periods of time and performing heavy lifting and bending. Boling complained that the pain worsened on the right side of his buttocks, leg, calf, and ultimately reached into his right foot.

---

[1] KRS 342.281; *See Eaton Axle Corp. v. Nally*, 688 S.W.2d 334 (Ky. 1985); *Halls Harwood Floor Co. v. Stapleton*, 16 S.W.3d 327, 330 (Ky. App. 2000).

Boling went to Dr. Rhodes, the company physician, who referred him to Dr. Troffkin, the same physician who had treated Boling in 2007. A MRI was performed on May 22, 2014, and confirmed a right-sided L4-L5 disc bulge with nerve root compression. Dr. Troffkin performed surgery on July 16, 2014, to repair Boling's L4-L5 injury. Boling returned to full duty on September 8, 2014.

Boling then sought permanent occupational disability benefits as a result of his December 26, 2013, injury. A Benefits Review Conference and a Formal Hearing were conducted in March, 2015. As was noted by the Court of Appeals, the contested issue revolved around whether Boling was entitled to any benefits, or if further benefits were barred by KRS 342.730, the exclusion for prior active disability or impairment, temporary total disability, and temporary exacerbation of a prior injury.

On May 2, 2015, an ALJ rendered an Opinion and Award denying Boling permanent partial disability benefits. The judge cited three physicians in his decision, Dr. Rhodes, Dr. Troffkin, and Dr. Loeb. The ALJ held that the evidence supported a finding that Boling suffered a temporary exacerbation of his 2007 injury.

Boling appealed to the Workers' Compensation Board. Finding that the ALJ properly exercised his discretion as a fact-finder, the Board rendered an Opinion Affirming.

Boling then appealed to the Court of Appeals. Similar to the Workers' Compensation Board ruling, the Court of Appeals found that the ALJ properly

3

used his discretion in his ruling. Ultimately, using the same standard we must use, the Court of Appeals affirmed the Board ruling.

## II. ANALYSIS.

Boling faces a stringent standard of review before this Court. In a hearing before an ALJ, the worker shoulders the burden of proving each essential element of his claim.[2] Furthermore, if a party is unsuccessful before the ALJ, we will not disturb the ruling unless there is evidence that compels a different result.[3] Compelling evidence is defined as evidence so overwhelming that no reasonable person could reach the same result as the ALJ.[4]

### A. The evidence presented does not compel a finding in favor of Boling.

The ALJ relied on three different physicians in making his finding. According to the ALJ's findings, two of the physicians, Dr. Loeb and Dr. Rhodes, agreed that Boling's 2013 injury was not a new injury. On the other hand, Dr. Troffkin did believe that Boling's 2013 injury should be considered a new injury. The ALJ, as the finder of fact, has the sole authority to determine the weight, credibility, substance, and inferences to be drawn from the evidence.[5] Furthermore, where the evidence is conflicting the ALJ may choose whom or what to believe.[6]

---

[2] *Snawder v. Stice*, 576 S.W.2d 276 (Ky. App. 1979).

[3] *See Hale v. CDR Operations, Inc.*, 474 S.W.3d 129, 140 (Ky. 2015); *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984).

[4] *REO Mechanical v. Barnes*, 691 S.W.2d 224 (Ky. App. 1985).

[5] *See Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985)

[6] *See Pruitt v. Bugg Brothers*, 547 S.W.2d 123 (Ky. 1977).

Dr. Loeb conducted a peer review to address Boling's diagnosis. In doing so, Dr. Loeb reviewed all relevant medical records and examined Boling's history of work related incidents, including treatment and recovery. In his medical opinion, Dr. Loeb believed that Boling did not suffer a new injury in 2013, rather it was Dr. Loeb's opinion that Boling was suffering from the recurrence of a prior medical condition. In addition to Dr. Loeb's medical opinion was that of Dr. Rhodes. In his medical opinion, Dr. Rhodes believed that Boling's symptoms were a temporary exacerbation of the 2007 injury. Contrary to Dr. Loeb and Dr. Rhodes, Dr. Troffkin believed that Boling was suffering from a new injury.

Considering the evidence as a whole, the ALJ made the following finding, "...the ALJ is convinced by the opinions of Drs. Loeb and Rhodes that the December incident was a temporary exacerbation of the 2007 injury. The ALJ further finds that per the opinion of Dr. Troffkin, no additional permanent impairment rating is warranted. The ALJ finds that the Plaintiff suffered a temporary exacerbation of the prior injury."

Because a review court must give great deference to the ALJ as the finder of fact, Boling has not convinced us that the evidence compels a different result. Like the Court of Appeals and Workers' Compensation Board, we fail to find any compelling evidence which would permit us to overturn the ALJ's decision. While Boling may believe Dr. Troffkin's testimony is more correct than that of the other two physicians, the ALJ acted within his authority in exercising his discretion and finding the testimony of Drs. Loeb and Rhodes

5

more persuasive. There is no indication that the ALJ was derelict in his examination of the evidence and he made a reasonable ruling. As a result, we will not disturb a proper ruling by the Court of Appeals.

### III.    CONCLUSION

For the foregoing reasons, the Court of Appeals is affirmed.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Scott Mitchell Miller


COUNSEL FOR APPELLEE: OWENSBORO MUNICIPAL UTILITIES

Sherri Lynn Keller
Ferreri & Fogle, PLLC