RENDERED:  OCTOBER 2, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0794-WC

DARRELL HILL                                                          APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-00423

WEBASTO; DANIEL CAMERON;
HON. GREG W. HARVEY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND MAZE, JUDGES.

COMBS, JUDGE:  Appellant, Darrell Hill (Hill), appeals an opinion of the

Workers' Compensation Board (Board) affirming the dismissal of his claim by the

Administrative Law Judge (ALJ).  Finding no error after our review, we affirm.

Hill was employed by the Appellee, Webasto, to assemble sunroofs. An April 25, 2018 accident/incident information report filed by Webasto reflects that Hill's left wrist was scraped by the edge of a track when a colleague was removing an intertrack from a container. However, two days later, on April 27, 2018, Hill was first seen for medical treatment at Concentra. The history in the Concentra records reflects that he was injured at home: "the patient presents today with hit left arm on pole chasing kids, and cut his arm, but also having numbness in hand. Self-reported." Hill only went to Concentra one time. Ultimately, Hill underwent a neuroma excision and nerve repair of the left superficial radial nerve by Dr. Duggal at UK Orthopedic Surgery.

On February 14, 2020, the ALJ rendered an opinion and order dismissing the claim. The ALJ summarized Hill's testimony as well as the medical evidence and concluded that Hill's injury had not been caused by the incident at work. In relevant part, the opinion and order reflects as follows:

> In this claim, there is a great deal of dispute as to whether Hill's left wrist condition was caused by an incident at work. . . .
>
> Hill is adamant he hurt himself at work. The ALJ does believe he suffered a scrape/cut to the left wrist as that is confirmed in the Defendant's own report. The question is whether that incident caused his documented left wrist nerve injury. . . . There are multiple other histories given that include a September 20, 2019 note that records a history of "pain developed after a heavy piece of work equipment fell on his wrist in September of

-2-

2018"; a history of left upper extremity trauma in March 2018 when a metal object struck the radial aspect of the left wrist; an August 7, 2018 note reflects a history of a March 2018 work injury "with a metal slab falling onto the distal dorsal aspect of his left forearm . . . ."

There are a myriad of inconsistencies in the testimony and different histories recorded by providers. These are considered in determining whether Hill suffered a lacerated superficial radial nerve at work on April 25, 2018. Consistent with the opinion of Dr. Burgess,[1] the ALJ is not persuaded by the totality of the evidence that Hill's injury, which is quite real, was caused by a cut a [sic] work. The fact that there are multiple histories given to providers with respect to date and mechanism of injury is a real distinction.

Hill appealed to the Board, which affirmed the ALJ by an opinion

rendered on May 22, 2020, as follows in relevant part:

As the claimant in a workers' compensation proceeding, Hill had the burden of proving each of the essential elements of his claim. *Snawder v. Stice*, 576 S.W.2d 276 (Ky. App. 1979). Because Hill was unsuccessful in his burden, the question on appeal is whether the evidence compels a different result. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). "Compelling evidence" is defined as evidence that is so overwhelming, no reasonable person could reach the same conclusion as the ALJ. *REO Mechanical v. Barnes*, 691 S.W.2d 224 (Ky. App. 1985).

. . .

The ALJ clearly relied upon the history reported to Dr. Ramirez at Concentra, along with Dr. Burgess' opinions in dismissing the claim. He additionally noted

---

[1] Dr. Burgess did not believe that Hill's condition was due to a work-related injury.

-3-

the multiple inconsistencies in Hill's testimony. We conclude the Concentra report and Dr. Burgess' opinions constitute substantial evidence supporting the ALJ's determination and a contrary result is not compelled. While Dr. Ramirez may not have had the incident report, he noted the history Hill provided to him. Dr. Burgess indicated he had reviewed the incident report, along with all of the other medical evidence of record. As noted above, substantial evidence supports the ALJ's decision, and a contrary result is not compelled; therefore, we affirm.

Hill appeals, contending that the Board erred in affirming the ALJ's decision because the incident report filed by Webasto is the most credible evidence and compels a finding that Hill did, in fact, suffer a work-related injury and that the Concentra records are erroneous. We do not agree. The ALJ stated that he believed Hill "suffered a scrape/cut to the left wrist as confirmed in the Defendant's own report." However, the ALJ did ***not*** believe that the incident was the cause of Hill's left wrist nerve injury. Thus, Hill failed in his burden of proof in establishing causation.

As our Supreme Court explained in *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992),

> The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [this Court] perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice.

-4-

We perceive no such error.  Therefore, we AFFIRM the opinion of the Workers'

Compensation Board.

DIXON, JUDGE, CONCURS.

MAZE, JUDGE, CONCURS IN RESULT ONLY.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE WEBASTO: |
|---|---|
| Thomas G. Polites | Donald J. Niehaus |
| Lexington, Kentucky | Lexington, Kentucky |