RENDERED:  JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0198-WC

TERRY HALL                                                                      APPELLANT

v.          PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-18-00635

BPM LUMBER, LLC; HONORABLE
JOHNATHAN R. WEATHERBY,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, McNEILL, AND TAYLOR, JUDGES.

COMBS, JUDGE:  Appellant, Terry Hall, appeals from an Opinion of the

Workers' Compensation Board (Board) affirming the Administrative Law Judge's

(ALJ) dismissal of his claim following remand.  After our review, we affirm.

On April 19, 2018, Hall filed an Application for Resolution of an

Occupational Disease Claim (Form 102) against his employer, BPM Lumber, LLC,

alleging "cognitive disease, dementia, tremors, headaches, neurological dysfunction, COPD[1] and skin rashes" and that the date of last exposure was July 24, 2015.

Hall claimed that he was disabled due to his exposure to diesel fuel/hydraulic fluid and wood dust as a saw operator. The evidence was in conflict. He relied upon Dr. Klein, who opined that Hall's "neurologic conditions and skin conditions are contemporaneous and directly related to his exposure of hydrocarbon and diesel fuel formula used as a saw lubricant in his employment with the lumber company." Hall also relied upon the opinion of the University Evaluator, Dr. Moldoveanu, who evaluated his lung/respiratory complaints. Dr. Moldoveanu believed that the wood dust and fumes contributed to Hall's impairment and that he developed obstructive lung disease due to his work exposure.

**The Original Decision of the Administrative Law Judge**

By Opinion and Order rendered on February 6, 2022, the ALJ dismissed Hall's claim, as follows in relevant part:

> 21. The Plaintiff has presented the medical opinion of Dr. Klien [*sic*] to support the work-relatedness of his alleged neuro-cognitive symptoms and the alleged related injuries including headaches, dementia, cognitive issues, tremors, and neurological disorders. . . .

---

[1] Chronic obstructive pulmonary disease.

. . .

25. The ALJ finds that the opinions of Drs. Ebben, Zerga, and George outweigh that of Dr. Klien [*sic*] whose causation theory is lacking in objective medical reasoning.  The ALJ finds that in the face of such credible evidence, Hall has failed to sustain his burden to establish the work-relatedness of his alleged neurocognitive condition.

26. Hall has presented the University Evaluation of Dr. Moldoveanu to support his claim for loss of lung function.  Dr. Moldoveanu diagnosed occupational asthma complicated due to COPD and Hall's history of smoking.  Dr. Moldoveanu assessed a 10% impairment due to the loss of pulmonary function . . . .

. . .

28. The ALJ finds that the history relied upon by Dr. Moldoveanu was not complete because he initially believed the Plaintiff had only seven years of smoking history which had ceased.  Dr. Moldoveanu therefore found that the Plaintiff's lung impairment of 10% was completely related to occupational asthma as complicated by the work environment.  He admitted in his supplemental report however that the Plaintiff's actual smoking history would be a significant contributor to the impairment.

29. Despite Dr. Moldoveanu's admission that there was a significant contributing factor, he made no revision to his ultimate determination of impairment.  The ALJ therefore finds due to this inconsistency, that the findings of the university evaluator are outweighed by the consensus of opinion reached by Drs. Zerga and Broudy.  The ALJ thus finds that Hall's respiratory impairment was not causally work-related.

. . .

For the foregoing reasons, the Plaintiff's claim is hereby **DISMISSED**.

On February 19, 2022, Hall filed a Petition for Reconsideration, which the ALJ denied by Order entered on March 9, 2022. Hall appealed to the Board.

## The Initial Opinion of the Workers' Compensation Board

By Opinion rendered July 22, 2022, the Board affirmed in part, vacated in part, and remanded, as follows in relevant part:

> On appeal, Hall argues the ALJ erred in 1) relying on medical opinions based on corrupt histories, 2) striking the lab results of the lubricant sample, 3) rejecting the university evaluator's findings without a proper basis, and 4) dismissing the petition, arguing the ALJ committed a gross injustice.

Upon its review, the Board concluded that the medical opinions of Drs. Zerga, George, and Ebben had not been based upon a corrupt history, and it found no error in the ALJ's reliance upon them. The Board also concluded that the ALJ did not abuse his discretion in striking reference to the results of a lab report. The Board explained "the lack of specific evidence as to authentication of the mixture itself, the chain of custody . . . or the testing performed . . . support [*sic*] the ALJ's decision to strike reference to the lab report."

-4-

With respect to the University Evaluator, Dr. Moldoveanu, the Board explained that under KRS[2] 342.315, the University Evaluator's "clinical findings and opinions . . . shall be afforded presumptive weight by administrative law judges . . . . When administrative law judges reject the clinical findings and opinions of the designated evaluator, they shall specifically state in the order the reasons for rejecting that evidence." Accordingly, the Board directed a remand as follows:

> For the foregoing reasons, we affirm the ALJ's dismissal of Hall's injury claim for neurocognitive and related conditions. We also affirm the striking of the lab report; however, we vacate the portion of the Opinion rejecting the University Evaluator's opinion and dismissing Hall's claim for occupational disease. We remand for a more detailed explanation of the ALJ's basis for rejecting the University Evaluator's report.

(Board Opinion, 7/22/2022, pp. 1-2.)[3]

Neither party appealed from the Board's July 22, 2022 Opinion.

_____

[2] Kentucky Revised Statutes.

[3] Some clarification is warranted here. The Board's reference to an "injury" claim in its first Opinion appears to be a misstatement or typographical error. This claim was not filed as an injury claim, nor was it litigated as such. It was filed on a Form 102 as an occupational disease claim due to an alleged exposure to chemicals and dust; however, the occupational disease claim involved different components -- the neurocognitive and related conditions (for which Dr. Klein evaluated Hall) and the lung/respiratory conditions addressed by the University Evaluator.

## The ALJ's Decision on Remand

On September 23, 2022, the ALJ rendered an Amended Opinion and Order on Remand providing a more detailed explanation of his rejection of the report of the University Evaluator. Hall filed a Petition for Reconsideration, which the ALJ denied; however, he entered a Second Amended Opinion and Order on Remand to correct "inadvertent error."

## The Opinion of the Workers' Compensation Board Following Remand

By Opinion rendered on January 20, 2023, the Board affirmed the ALJ. The Board explained that the "crux of the basis for remand was for the ALJ to provide additional analysis and explanation regarding why he chose to reject the opinions of the university evaluator."[4] Citing *Snawder v. Stice*, 576 S.W.2d 276 (1979), and *REO Mechanical v. Barnes*, 691 S.W.2d 224 (Ky. App. 1985), the Board explained that Hall had the burden of proving the essential elements of his claim and that because he was unsuccessful below, Hall had to demonstrate that the evidence **compelled** a contrary result. The Board concluded that it did not:

> The ALJ provided the additional analysis requested and adequately explained the basis for his determination. The ALJ specifically found, based upon Dr. Broudy's opinion, [that] Hall's condition was caused by smoking, not from dust and fumes encountered in his work. His

---

[4] The Board also noted that this claim was filed and practiced as an occupational disease claim and that it was never amended to include an injury claim. Thus, the Board's previous recommendation that the ALJ "clearly outline his decision as it relates to an occupational disease claim, not as an injury claim" was "unavailing *dicta*."

explanation clearly informs all parties of the basis for his decision as required by *Shields v. Pittsburgh & Midway Coal Mining Co.*, 634 S.W.2d 440 (Ky. App. 1982). We additionally note the ALJ acknowledged the testimony regarding Hall's alleged exposure to dust and fumes in his opinions, and this sufficiently addresses the concerns expressed by this Board in our previous Opinion. Because we find the ALJ's analysis adequate and a contrary result is not compelled, we affirm.

## **This Appeal**

On February 17, 2023, Hall filed a Petition for Review in this Court. On appeal, Hall first argues is that the Board failed to find that the ALJ erred in adopting medical evidence which was corrupt. Hall's second argument is that the Board failed to find that the ALJ erroneously excluded evidence of the lubricant mixture as a matter of law.

Hall raised both of those issues in his initial appeal to the Board. The Board decided them on the merits as set forth above. The Board's July 22, 2022, Opinion Affirming in Part, Vacating in Part, and Remanding was final and appealable. *Sidney Coal Co., Inc./Clean Energy Mining Co. v. Huffman*, 233 S.W.3d 710 (Ky. 2007). Hall did not appeal. Thus, the law of the case doctrine[5]

---

[5] The law of the case doctrine "designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982) (citation omitted).

precludes Hall from raising those issues again on a subsequent appeal following the ALJ's decision on remand. *Whittaker v. Morgan*, 52 S.W.3d 567, 569 (Ky. 2001). Nonetheless, if we were to review these issues on the merits, we would affirm. We agree with the Board that the ALJ did not err in relying upon the opinions of Drs. Zerga, George and Ebben, or in excluding evidence of the lab report/lubricant mixture.

Hall's third argument is that the ALJ erred as a matter of law in not striking reference to a medical licensure board proceeding relating to Dr. Klein. Hall explains that the ALJ allowed defense counsel to refer to Dr. Klein's medical license restriction at the hearing. It does not appear that this issue is properly preserved for our review. Therefore, it is beyond our purview.

Hall's fourth and final argument is that on remand, the ALJ did not cite evidence truly rebutting the University Evaluator's opinion. However, the Board was satisfied with the ALJ's additional analysis and explanation on remand as to why he rejected the University Evaluator's opinion and concluded that the evidence did not compel a contrary result. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [this] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause

gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). We perceive no such error in the case before us.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Grover S. Cox
Louisville, Kentucky

BRIEF FOR APPELLEE:

Felicia A. Snyder
Lexington, Kentucky